245 So.2d 33 (1971)
In re FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 40827.
Supreme Court of Florida.
February 24, 1971.
PER CURIAM.
Florida Laws, ch. 71-1(B), § 6, provides as follows:
"Section 6. Section 918.015, Florida Statutes, is amended to read:
"918.015 Right to speedy trial. 
"(1) In all criminal prosecutions the state and the defendant shall each have the right to a speedy trial.
"(2) The supreme court shall, by rule of said court, provide procedures through which the right to a speedy trial as guaranteed by subsection (1) and by Section 16 of Article I of the state constitution shall be realized."
Florida Laws, ch. 71-1(B), § 7, repeals Fla. Stat. §§ 915.01 and 915.02, F.S.A. There now exists an emergency so that it is necessary for this Court to adopt a Rule providing the procedure through which the right to a speedy trial is guaranteed.
Until further order of this Court, and as an emergency matter, the Florida Rules of Criminal Procedure are hereby amended by adding thereto an additional Rule to be known as Rule 1.191, Speedy Trial, reading as follows:

RULE 1.191  SPEEDY TRIAL

(a) (1). Speedy Trial Without Demand. 
Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance. If such person is serving a sentence of imprisonment elsewhere than Florida for conviction of an unrelated crime, the operation of this section shall not be effective until such person is no longer confined. This section shall cease to apply whenever a person files a demand for speedy trial under § (a) (2).

(a) (2). Speedy Trial Upon Demand. 
Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established *34 by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b) (2) of this Rule if such have been initiated.

(a) (3). Commencement of Trial. 
A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge.

(b) (1). Prisoners in Florida; Trial Without Demand. 
Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information or trial affidavit, whether or not a detainer has been filed against such person, shall without demand be brought to trial within one year if the crime charged be a misdemeanor or felony not involving violence, within two years if the crime charged be a noncapital felony involving violence, or if the crime charged be punishable by death; and if not brought to trial within such term shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime. The period of time established by this rule shall commence when the person is taken into custody as a result of the subject conduct or criminal episode, or when the subject charge of crime is filed, whichever is earlier, whether or not such period may commence to run before such person began to serve his term of imprisonment. The periods of time established by this section shall govern if the person is released from confinement while less than six months of such period of time for trial remains; if more than six months of such period of time for trial remains upon release from confinement, this section shall cease to apply and the rights of such person and of the State shall be governed by §§ (a) (1) and (2).

(b) (2). Prisoners in Florida; Trial Upon Demand. 
Except as otherwise provided, a person who is imprisoned in a penal or correctional institution of this State or a subdivision thereof and who is charged by indictment or information or trial affidavit, whether or not a detainer has been filed against such person, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within six months and if not brought to trial within such period of time for trial shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the State shall waive objection to merely formal defects in the demand so long as notice of the crime sought to be discharged and the relief otherwise sought is sufficient to inform the court and the prosecuting attorney. The period of time for trial established by this section shall commence when such demand is filed and served; and such period of time for trial shall continue to run if such person is released from confinement during such time, provided the court shall ascertain before granting a motion for discharge that such person has been continuously available for trial following such release. If a person who files a demand for trial or for discharge under this rule becomes involuntarily unavailable for trial, the court shall enter such orders as are in the interests of justice. A person who elects to proceed under this section may not thereafter proceed under § (a) (2) unless he first files with the court and serves upon the prosecuting *35 attorney a waiver or abandonment of all motions or proceedings under this section.

(b) (3). Prisoners Outside Jurisdiction. 
A person who is imprisoned upon conviction of a crime in a penal or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information or trial affidavit issued or filed under the laws of this State, is entitled to a speedy trial upon demand filed with the court having jurisdiction and upon service on the prosecuting attorney. After the demand has been filed, such person is entitled to trial within the periods of time established by § (b) (2), commencing after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial; and if not brought to trial within such period of time shall upon motion timely filed with the court and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for return to this jurisdiction for trial during such period of time. No rights shall accrue to a person under this section if such person refuses to execute every waiver, consent or release necessary to secure his return to this jurisdiction, or if the custodial officials of the jurisdiction in which the prisoner is confined refuse to release him for return to this jursdiction for trial while such refusal continues.
The primary burden for bringing about a speedy trial is on the defendant; however, upon demand, the State must act affirmatively to give such person a speedy trial and must employ all reasonable means to do so. A demand for speedy trial shall state the prisoner's name, place of incarceration, nature and term of sentence and tentative expiration date, and the nature and date of the charge, as well as the court and county in which said charge is pending in Florida; if a detainer has been filed, and its withdrawal is part of the relief sought, the prisoner shall so state.

(c). Demand for Speedy Trial; Accused is Bound. 
A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial. Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of preparation, failure to obtain evidence or presence of witnesses, failure to have counsel, or other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule.

(d) (1). Motion for Discharge; Trial; When Timely. 
A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial.

(d) (2). When Time May Be Extended. 
The periods of time established by this Rule for trial may at any time be waived *36 or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused.

(d)(3). Continuances; Effect on Motion. 
If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered as provided in § (d)(2), or (ii) the failure to hold trial is due to the unexcused actions or unexcused decisions of the accused, or of a codefendant in the same trial. If a continuance or delay is attributable to the accused and is not excused, the pending motion for discharge shall on motion by the State be voidable by the court in the interests of justice; provided, however, trial shall be scheduled and commence within 90 days.

(e). Availability for Trial. 
The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew.

(f). Exceptional Circumstances. 
As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (ii) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule; (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; (iv) a showing by the accused or the State of necessity for delay grounded on developments which could not have *37 been anticipated and which will materially affect the trial; (v) a showing that a delay is necessary to accommodate a codefendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (vi) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
Under the foregoing circumstances, the Court may set a new trial date within a reasonable time.

(g). Effect of Mistrial, Order of New Trial. 
A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time.

(h)(1). Discharge from Crime; Effect. 
Discharge from a crime under this Rule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and which were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.

(h)(2). Nolle Prosequi; Effect. 
The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new or different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.

(i). Schedule. 
(1) This Rule shall be effective and govern the trial dates of all persons taken into custody after 12:01 a.m., on March 1, 1971; however, all time computations under this Rule shall not begin until 30 days after the above date so that the trial courts may arrange their trial calendars to comply with this Rule.
(2) The trial of all persons taken into custody prior to the effective date of this Rule shall commence within 180 days from the adoption of this Rule, unless a written demand for speedy trial is made. Upon such demand, trial shall commence within 60 days from service of such demand upon the prosecuting attorney.
(3) Any rights which shall have accrued to any defendant under former Fla. Stat. §§ 915.01 and 915.02 shall not be disturbed by this Rule.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.