PER CURIAM.
The relators were originally charged in the criminal court of record by information on June 11, 1971 with violating certain sections of the Florida Statutes relative to unlawful possession of obscene material. On June 15, 1971, they filed their demand for speedy trial. Thereafter, on July 19, 1971, the criminal court of record transferred the cause to the metropolitan court where, on August 3, 1971, they were charged with a violation of the same statute and, additionally, with violations of sections of the Metropolitan Code relating to the same subject matter and arising out of the same episode. On August 18, 1971, the relators moved for a discharge because of the failure to try them within 60 days of their original demand; the metropolitan court refused. The relators instituted a prohibition proceeding in the circuit court and the circuit court has certified to this court the following question:
“WHETHER OR NOT A DEFENDANT CHARGED WITH A MISDEMEANOR IN THE CRIMINAL COURT OF RECORD, WHO FILES A TIMELY DEMAND FOR SPEEDY TRIAL IN THAT COURT, PURSUANT TO THE PROVISIONS OF FLORIDA RULE OF CRIMINAL PROCEDURE 1.191(a) (2) MUST BE TRIED WITHIN SIXTY DAYS EVEN IF THE SAID COURT TRANSFERS THE CASE TO THE METROPOLITAN COURT.”
An examination of Rule 1.191, 33 F.S.A., relating to speedy trials, as found in 245 So.2d 33, and particularly subsection (h) (2) thereof which reads as follows:
“(h) (2). Nolle Prosequi; Effect.—
“The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new or different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle pros-equi.”,
leads us to the conclusion that the charges presently pending in the metropolitan court are grounded upon the same conduct or criminal episode as were originally pending in the criminal court of record. Therefore, the question should be answered in the affirmative.