CARROLL, Judge.
This is an original proceeding in prohibition. The relator contends that by denying his motion for discharge, for not having been brought to trial within 90 days after his arrest on a misdemeanor charge, and by proceeding with the prosecution the respondent is acting without jurisdiction. The relator relies upon Rule 3.191(a) (1) CrPR, 33 F.S.A., promulgated by the Supreme Court on February 24, 1971 (245 So.2d 33). We issued a rule nisi in prohibition. A return was filed by the respondent. The matter was heard and considered on the pleadings, briefs and arguments of counsel.
*850 Pertinent facts disclosed in the suggestion and not controverted by the return were the following. On June 1, 1971, in an indictment by the grand jury in Dade County the relator was charged with a violation of § 839.07 Fla.Stat., F.S.A. (conflict of interest), a misdemeanor. He was taken into custody therefor on June 8, 1971. Based on the indictment he was informed against on July 21, 1971. He was arraigned on August 9, 1971, and pleaded not guilty.
The ninetieth day after the date of his arrest fell on September 6, 1971, a holiday, Labor Day, making the effective ninetieth day September 7, 1971. Relator was not brought to trial on or before that date, and there is no contention that he was not available for trial during the ninety day period.
On September 8, 1971, relator moved the court to be discharged from the crime, as provided by the above cited rule. His motion was denied by an order dated September 10, 1971, and trial was set for a subsequent date. Relator then filed this proceeding in prohibition. In section (a) (1) of the rule, entitled “Speedy Trial Without Demand,” it is provided the person charged with crime by indictment or information or trial affidavit shall without demand be brought to trial within ninety days if the crime charged be a misdemeanor, and if not brought to trial within such time, that upon timely motion filed as therein provided for such person shall be forever discharged from the crime. It is further provided therein that a person so charged with crime is entitled to the benefit of the rule whether or not such person is in custody awaiting trial or is at liberty on bail or recognizance.
On the basis of those provisions of Rule 3.191(a) (1) the relator, who was not brought to trial on this misdemeanor charge within ninety days after the date of his arrest thereon, was entitled to discharge upon his timely motion therefor.
We reject as lacking in merit the argument presented on behalf of the respondent that the relator was not required to be brought to trial within 90 days after his arrest on Juné 8, 1971, because the extended period, fixed in the rule within which to bring to trial persons taken into custody prior to the effective date of the rule, had not elapsed.
The short answer to that contention of the respondent is that the section (i) (2) as it appeared in Rule 3.191 when promulgated on February 24, 1971, and as that subsection appeared in the form in which it was amended on August 19, 1971, relates to trial of persons taken in custody prior to the effective date of the rule, whereas the relator was taken into custody after the effective date of the rule. Therefore, the trial time computation applicable to the relator was controlled by section (a) (1) of the rule, and by subparagraph (1) of section (i) of the rule which deals expressly with the effective date of the rule and the time computations under the rule as related to “all persons taken into custody after 12:01 a.m. on March 1, 1971.”
It having been made to appear that the motion filed by the relator on September 8, 1971, to be discharged from the crime should have been granted, and that the respondent was without jurisdiction to further prosecute the cause, we hold that the relator is entitled to issuance of a writ of prohibition as sought herein. The rule nisi is made absolute.
Anticipating that an appropriate disposition of the relator’s case in the criminal court of record will be made by the respondent, consistent with the views and holding expressed in this opinion, we proceed on the assumption that issuance of a formal writ of prohibition will not be necessary.
It is so ordered.