ADKINS, Justice.
This is an original proceeding in prohibition wherein petitioner seeks to prohibit the respondent from trying criminal charges filed against petitioner and commanding respondent to grant petitioner’s motion for discharge.
Petitioner was arrested on December 1, 1969, and thereafter released on bond. Subsequently, on February 17, 1970, an information was filed in Case No. 70-145 charging petitioner with the offense of robbery.
Petitioner was also arrested on January 8, 1970, and released on bond. An information was filed on January 30, 1970, in Case No. 70-658, charging defendant with the unlawful possession of a stolen or unlawfully issued driver’s license.
In each of these cases petitioner filed written demands for trial as required by the provisions of Fla.Stat. (1969) § 915.-01(2), F.S.A. He has complied with the provisions of this statute. Petitioner filed a motion for discharge in each case on the ground that the State Attorney had failed to bring petitioner to trial within the period of time required by the statute. The trial judge denied the motions and stated that Fla.Stat. (1969) § 915.01, F.S.A., was unconstitutional.
Petitioner filed a petition for writ of prohibition in the District Court of Appeal, Third District. An order was then entered by the District Court of Appeal transferring the proceedings to this Court on the ground that the trial court held Fla.Stat. (1969) § 915.01, F.S.A., to be unconstitu-, tional. This Court then issued a rule nisi and the respondent has filed his return thereto.
Parenthetically, it should be noted that Fla.Stat. (1969) § 915.01, F.S.A., was *21 amended by Florida Laws, Ch. 70-339, § 107, effective January 1, 1971, and this statute was in turn superseded by Florida Rules of Criminal Procedure, Rule 3.191, 33 F.S.A. (245 So.2d 33). In the case siib judice, we are concerned only with the statute as it existed prior to the amendment of 1970.
The trial judge held the statute to be unconstitutional in that, under the provisions of Fla.Stat. § 915.01(1), F.S.A., a prisoner in custody must file a demand for speedy trial on the first day of each of three successive terms, while under the provisions of Fla.Stat. § 915.01(2), F.S.A., a person released on bond is not required to file his written demand for trial on the first day of the term. Respondent says that an individual in custody is held to a much more rigorous schedule in order to secure his statutory right to a speedy trial than is the defendant who is released on bail. It is contended that the confined individual is deprived of equal protection.
In the case sub judice, the petitioner was released on bond and is not in the position of a confined prisoner in raising the question of deprivation of equal protection. The statute is constitutional as applied to him.
It appears from the record that the motions of petitioner should have been granted by the trial court.
We therefore conclude that the return to the rule nisi does not present a defense to the prima facie case made by the suggestion and that the rule absolute in prohibition should issue. We withhold the issuance of a formal writ in full confidence that the trial court will discharge the petitioner in accordance with the law as herein set forth.
It is so ordered.
ERVIN, Acting C. J., and BOYD, Mc-CAIN and DEKLE, JJ., concur.