PER CURIAM.
This is an original proceeding in prohibition. By his suggestion the relator contended the criminal court of record of Dade County had lost jurisdiction to try him (on a charge of robbery) for failing to bring him to trial within a time specified by section (g) of Rule 3.191 CrPR, 33 F. S.A., known as the speedy trial rule.
On February 18, 1971, prior to the effective date of Rule 3.191 CrPR, the relator was arrested on a charge of robbery. He was brought to trial in the criminal court of record of Dade County of March 24. A mistrial was ordered therein on March 25. A second trial, set for April 27, was not held because the state entered a nolle pros-eque. On June 22, the state failed a new information charging relator as before, for the said offense.
On October 26, the relator as defendant in the trial court moved for an order discharging him from the crime. The ground of the motion was that he had not been brought to trial again within 90 days after the March 25 mistrial, relying on section (g) of Rule 3.191 CrPR. Following denial of the motion for discharge, the relator filed this suggestion in prohibition, upon which we issued a rule nisi.
In a filed response to the rule nisi the respondent presented a contention that the trial dates specified in section (g) of Rule 3.191 were not applicable to the relator, because section (i) (1) of the rule provides that the rule governs trial dates of “all persons taken into custody after 12:01 a. *83 m. on March 1, 1971,” whereas relator was arrested prior thereto, and that the period within which the relator (arrested on February 18, 1971, and released on bail) could be brought to trial was on or before November 1, 1971, as provided for by section (i) (2) of Rule 3.191 [In re Florida Rules of Criminal Procedure, Fla., 245 So.2d 33, at 37] as amended by the Supreme Court on August 19, 1971 [251 So.2d 537]. Further in response to the rule nisi the respondent averred that the relator-defendant had waived the requirement that he be brought to trial within the period provided for in section (i) (2) of the rule. The waiver, which is shown in the record, bears the name of the court, the style and number of the case and was signed by the defendant, reads as follows:
“I hereby waive the benefit and requirements of Florida Rule of Criminal Procedure 1.191 relating to my right to a speedy trial, either within the one hundred and eighty (180) day period provided in that Rule, or within the sixty (60) day period as provided upon demand.
“I have been informed by my attorney that I have a right to a speedy trial and what the effect of my waiver is.”
On behalf of the relator it was argued that the provision of section (i) (1) of the rule that it shall govern the trial dates of persons taken into custody on or after March 1, 1971, should not be held to apply to trial dates specified in section (g) of the rule, and that trial dates fixed in that section of the rule should govern him notwithstanding he was taken into custody prior to March 1, 1971.
Section (i) (1) is clear and unambiguous. It contains no exceptions. Nowhere therein is it stated that it is intended to apply to one or more of the trial dates specified in the rule and not to others.
Section (i) (2), which is applicable to persons taken into custody prior to March 1, 1971, is equally clear, and contains only one exception, being that which relates to trial within 60 days of a person in that category who makes written demand for speedy trial.
Therefore, when the defendant moved for discharge in the trial court on October 24, 1971, the time within which he could be brought to trial under section (i) (2) of the rule as amended had not expired, and the court was not without jurisdiction in his case. The order of the trial court denying the motion for discharge was eminently correct, for the reasons outlined above, and also in view of the waiver made by the defendant.
For the reasons assigned, the rule nisi is discharged and prohibition is denied.