258 So.2d 269 (1972)
Charles Junior EASTWOOD, Petitioner,
v.
W. Troy HALL, Jr., Judge of the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, Respondent.
William Robert YEAGER, Petitioner,
v.
W. Troy HALL, Jr., Judge of the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, Respondent.
Nos. 71-863, 71-883  71-885.
District Court of Appeal of Florida, Second District.
February 16, 1972.
Rehearing Denied March 16, 1972.
Nathan Loeb, Orlando, for petitioner Charles Junior Eastwood.
Harlow C. Middleton, Mount Dora, for petitioner William Robert Yeager.
Robert L. Shevin, Atty. Gen., Tallahassee, P.A. Pacyna, and Charles Corces, Jr., Asst. Attys. Gen., Tampa, for respondent.
McNULTY, Judge.
These consolidated suggestions for writs of prohibition seek to bar the respondent circuit judge from proceeding with trial in the criminal cases now pending against petitioners in which they are charged with receiving and concealing stolen property. Petitioners argue that they come within the purview of the recently adopted "speedy trial rule," Rule 1.191, RCrP, 33 F.S.A.[1] They maintain that the time permitted by such rule for the commencement of trial on the aforesaid charges had run, that they had thereafter filed proper motions for discharge pursuant to the rule (which motions were denied by respondent) and that they should now be forever discharged. If their position is well taken we think this would be a proper case for the issuance of our writ of prohibition. But we are of the view that the undisputed facts herein compel the conclusion that petitioners are not entitled to the relief sought.
*270 The relevant portions of the speedy trial rule relied upon are as follows:[2]
"Rule 1.191  Speedy Trial.

* * * * * *
(i) Schedule. 
* * * * * *
(2) The trial of all persons taken into custody prior to the effective date of this rule shall commence on or before September 27, 1971, ... If a person is released upon bail or otherwise, and makes no demand for speedy trial, the trial of such person shall commence on or before November 1, 1971. (Italics added)
* * * * * *
(a) (1). Speedy Trial Without Demand. 
... and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime... ."
Now, other things being equal, the foregoing provisions of the rule would control here since petitioners were arrested in August 1970 and have been out on bail since that date. Furthermore, neither of the petitioners made any effective demand for speedy trial within the time prescribed which, had they done so, would have accelerated the time to within sixty days under another portion of the rule.[3] So, ostensibly, trial should have commenced herein on or before November 1, 1971.
But other things are not equal here. Additional circumstances of this case make the following portion of the foregoing speedy trial rule also relevant:[4]
"(d) (2). When Time May Be Extended. 
The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing. ..." (Italics added)
It remains to be seen, then, whether the time specified in the rule for the commencement of trial on the charges herein was waived or extended pursuant to the last quoted portion of the rule.
The record reveals that on November 1, 1971, i.e., the last day on which trial could ordinarily be commenced under the rule, a hearing was held at the behest of the state to dispose of all "pending motions" in these cases and to set the cases for trial. Petitioners point out that there were, in fact, no pending motions at the time, but we deem this of no material relevance in view of our disposition hereof. The important factor, as we see it, is that on the last day for commencing trial there was still time to waive the critical time or extend it by court order pursuant to a waiver or "stipulation" as contemplated by the provisions of paragraph (d) (2) of the rule, last set out above.
Now we acknowledge, here, that the rule obviously contemplates that such waiver or stipulation be in writing since each, as the case may be, is to be "signed in proper person or by counsel." Concededly, too, there is no stipulation in writing in these cases nor is there a written waiver of the critical time. The precise question devolves, therefore, whether such critical time may be extended other than by the court order predicated upon a writing signed by one seeking discharge under the rule. We think that it may.
A transcript of the foresaid proceedings of November 1, 1971, as certified *271 by the official court reporter and not sought to be impeached here, reflects the following colloquy in open court between the court, and counsel for the state and for each petitioner:
"MR. McCORMICK: [for the state] This is on Eastwood and Yeager. The cases are set for November 16th for trial. Motions are to be argued at that time.
MR. MIDDLETON: It's alright with me, except it is my understanding that Mr. Yeager has been charged ... you mentioned Mr. Eastwood. Mr. Yeager has his own case.
MR. McCORMICK: These are separate cases, that is correct.
THE COURT: Who represents who?
MR. MIDDLETON: Your Honor, I represent Mr. Yeager.
THE COURT: This is agreeable with you?
MR. MIDDLETON: That the trial be set for what date?
MR. McCORMICK: November 16th.
MR. MIDDLETON: And pending motions will be argued at that time?
MR. McCORMICK: Yes.
MR. MIDDLETON: That is agreeable.
THE COURT: Who represents Eastwood?
MR. LOEB: I represent Mr. Eastwood. There are no pending motions, and haven't been.
THE COURT: Are you agreeable for the trial to be scheduled for November the 16th?
MR. LOEB: Yes, sir."
* * * * * *
THE COURT: Alright... ."
Obviously, it was orally "stipulated" and agreed by counsel for each petitioner, with the concurrence of the trial judge, that trial was to commence sixteen days hence. Moreover, we reiterate that such stipulation was entered into in open court in the presence of the official court reporter and a recording and transcription thereof was made. Under these circumstances we think the writing requirement of Rule 1.191(d) (2), supra, is obviated. Such an open court proceeding should be afforded at least the same dignity and efficacy as the writing apparently contemplated by the rule. For one thing, the contemplated writing would in all likelihood be executed with much less formality and with considerably fewer safeguards than would be an open judicial proceeding. For another thing it is the obvious purpose of the rule, in requiring the executed waiver or stipulation, that such be made a part of a reviewable record so that the rights of all parties may be fully protected. This purpose may be, and in this case is, completely satisfied by a certified transcript of the open court proceeding in the premises at which all parties are represented. And finally, if it were otherwise we would be seeing the first example of a judicial proceeding, in all other respects proper and competent, rendered inefficacious simply because it wasn't reduced to writing and signed by the litigants. Indeed, even the solemn and oftentimes doomful entry of a guilty plea need not attain such heights. Procedural rules should be given a construction calculated to further justice, not to frustrate it.
Accordingly, we hold that the provisions of Rule 1.191(d) (2), RCrP, supra, have been substantially satisfied and that the critical time provided for in paragraph (i) of said rule, as amended, was extended. Prosecution of the charges against the petitioners herein is therefore not presently barred and prohibition will not lie in the absence of an in futuro violation of such rule.
Prohibition denied.
PIERCE, C.J., and LILES, J., concur.
NOTES
[1] In re Florida Rules of Criminal Procedure (Fla. 1971), 245 So.2d 33.
[2] Id., as amended (August 19, 1971), 251 So.2d 537.
[3] See, paragraph (a) (2) of the rule, 251 So.2d at p. 537, which provides that upon written demand for speedy trial, the "trial shall commence within sixty days from service of such demand... ." One of the petitioners herein filed such a demand, but it is undisputed that it was withdrawn and thus, as we said, there was no "effective" demand.
[4] See, n. 1, supra, 245 So.2d at p. 35.