ON REHEARING
McNULTY, Judge.
We are asked to clarify our denial for a suggestion of prohibition heretofore entered without comment. We oblige.
Petitioner was taken into custody to answer criminal charges. Trial was set on the 200th day thereafter. He suggested that a motion for discharge made after 180 days should have been granted and that prosecution is now barred pursuant to our “speedy trial rule,” Rule 3.191, R.Cr.P., 33 F.S.A. We rejected this suggestion and have dismissed these proceedings for the reason that prior to the expiration of 180 days the following colloquy occurred in open court at arraignment on November 29, 1971:
“MR. CYCMANICK: (Defense Counsel) ... To speed matters along, we will waive the reading of both the informations and enter a plea of not guilty to each of the two charges, and request approximately twenty days for filing of defense motions directed to these two informations.
* % % ift
THE COURT: And you have requested an extension of twenty days within which to file appropriate defense motions?
MR. CYCMANICK: Yes, Your Honor.
THE COURT: Any objection?
MR. McCORMICK: Does he waive the time, Your Honor?
THE COURT: You know, we now have to bring these cases on within a limited period of time. Now, does the defendant waive the running of the time?
MR. CYCMANICK: The defendant will not waive the effect of the Florida Supreme Court rule 1.191, the speedy trial rule. However, so much time as is taken up by the defendant’s motions and the filing of those motions, of course, we do not waive the benefits of the rule. However, we understand that the rule may not . ... we may not be able to take full benefit of the rule for the time period on the motions.
THE COURT: The question is, do you stipulate and agree that the running of the time, under the rule, shall be tolled insofar as the amount of time required to dispose of your motions is concerned?
MR. CYCMANICK: Yes, Your Honor.
THE COURT: Alright. Then under those circumstances, let the record show *902 the request is granted . . (Emphasis supplied.)
We construe this to be a stipulation in open court that the time provided for in the speedy trial rule be tolled not to exceed 20 days. This is a binding stipulation as we said in Eastwood v. Hall (1972), Fla.App., 258 So.2d 269. Trial having been set for the 200th day, therefore, the speedy trial rule was not violated and petitioner was not entitled to discharge.
Our dismissal of the suggestion for prohibition heretofore entered herein should remain absolute.
PIERCE, C. J., and MANN, J., concur.