### STATE v. RICE.

No. 74-429.

Circuit Court, Lake County.

February 24, 1975.

Morton D. Aulls, Assistant State Attorney, for the state.

Frank T. Gaylord, Eustis, and H. D. Robuck, Jr., Tavares, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for hearing on the 21st day of February, 1975. The following facts were apparent from the record —

The defendant was taken into custody on the 20th day of July, 1974. The defendant attempted to exercise his discovery rights through his attorney. The state attorney was cooperative with the defense counsel in these attempts. The main witness for the state made herself unavailable for the discovery procedures. She did not keep in contact with the state attorney's office. A diligent search was made for her and on December 19, 1974, the state filed a motion for the extension of time pursuant to CrR 3.191, alleging that the time to try the defendant would expire on January 16, 1975. A hearing was held on January 6, 1975 and the motion for extension was denied. The court also ordered the witness to appear for deposition on January 8, 1975. The case was set for trial on January 13, 1975, and on that date the defendant appeared for the purpose of trial.

Also on that date, the state and the defendant entered into a stipulation to extend the time period for the trial of the defendant until the first trial in the monh of February.

On February 10, 1975, a jury was sworn to try a case other than this defendant's. Several other cases were tried during that trial week, but the defendant's was not one of them.

On February 20, 1975, the defendant filed a motion to discharge based on the foregoing facts.

The state attorney's office exercised diligence in obtaining the location of the main witness for the state. They also are to be commended for their cooperation with the defendant's counsel to allow him to depose the main witness.

The court commends the assistant state attorney for his candor and frankness stating that the problems arising from this case were no fault of a conjested docket.

CrR 3.191 (d) (2), *when time may be extended*. The periods of time established by this rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing.

A stipulation entered into the court record is binding on the parties. Eastwood v. Hall, 258 So.2d 269. In that case the state sought to enforce the stipulation upon the defendant. In the case at bar, the defendant seeks to enforce the stipulation upon the state. The stipulation is reciprocal and equally binding on both parties of the stipulation. Procedural rules should be given a construction calculated to further justice, not frustrate it. Eastwood v. Hall, supra.

Indisputably, the right to a speedy trial is one of the most sacred and important rights guaranteed by the federal and the state constitutions. A strict adherence to the provisions of CrR 3.191 allows the courts, the prosecutors and defendants to plan on expedient disposition of criminal cases. It also requires the alleged victims and complaining witnesses in cases to come forward with their testimony without undue delay. An undue delay in these matters requires a defendant to live under the light of suspicion. Once the stigma of being a defendant in a criminal case is attached to a person, it is an almost impossible one to shed. Will Rogers once said that a rumor travels so fast that the truth cannot catch up with it. It is the purpose of CrR 3.191 to allow the truth to catch up with the allegations and criminal charges.

Now, therefore, it is ordered and adjudged that the defendant is forever discharged from the above styled cause and that no court has jurisdiction to try the defendant on the charges contained in said information.