BOARDMAN, Judge.
Appellant, Frank Wilson Whitehead, was tried by jury, convicted of murder in the second degree and sentenced to serve 20 years in the state prison. Timely appeal followed. This is the second time that the instant case has been considered by this court. Appellant’s prior conviction for the same offense was reversed. See Whitehead v. State, Fla.App.2d 1973, 279 So.2d 99. We therefore deem it to be unnecessary to recite the facts of the case.
We have reviewed the record, briefs of respective counsel for the parties, including the pro se brief filed by the appellant. The appellant raises four points on appeal, each of which has been studied carefully and, finding that the appellant has not demonstrated reversible error, abuse of discretion or misapplication of the applicable Rules of Criminal Procedure, we affirm.
Appellant’s point one, pertaining to the applicability of the Speedy Trial Rule does, however, merit discussion, which we will do hereinafter.
Upon receipt by the trial court of the mandate of this court, appellant was entitled under the Speedy Trial Rule to be retried within 90 days therefrom. See Rule 3.191(g), RCrP. The assistant public defender representing the appellant, filed a motion for discharge which was heard on September 25, 1973, the date trial was to commence. At the hearing, the trial court, in denying the motion, determined that the motion for discharge was premature since the scheduled trial date was approximately 87 days after receipt by the trial court of our mandate. Subsequently, and at the same hearing, the assistant public defender filed a motion for continuance assigning as reason therefor that he desired to obtain witnesses to testify at the trial in appellant’s behalf. An oral stipulation was entered into by the assistant public defender and the attorney representing the state, in open court, that the granting of the said motion would toll the running of the time period set forth in the Speedy Trial Rule, supra. The motion for continuance was granted by court order dated September 25, 1973. We point out that during the time the above proceedings were taking place, the appellant was in an adjacent detention cell. The record further shows that upon motion filed by the public defender, the trial court, on October 8, 1973, entered its order relieving the public defender from any further representation of the appellant in this cause. The trial judge in the same order appointed Edward C. Flood, attorney, to represent the appellant. On October 12, 1973, Mr. Flood filed a motion for continuance of the cause which was denied by the trial court. On October 30, 1973, he filed a motion for discharge for the failure of the state to bring the appellant to trial within the 90-day period mentioned above. This motion was likewise denied.
The underlying question for our determination is whether the assistant public defender representing the appellant at the proceedings held on September 25, 1973, had the authority to stipulate in open court to waiving the appellant’s rights under the Speedy Trial Rule, supra. We find that he did have such authority under Rule 3.191, RCrP, the pertinent part of which immediately follows:
(d)(2). When Time May be Extended. — The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (1) upon stipulation, signed in proper person or by counsel . . . . (latter emphasis supplied).
We have mentioned in this opinion that said stipulation was not in writing. We do not feel that this fact renders the stipulation of no force and effect, and not binding upon the appellant. See Eastwood v. Hall, Fla.App.2d, 1972, 258 So.2d 269, for authority that an oral stipulation entered in open court and transcribed by a court reporter need not be in writing and signed. As is stated in the cited case, “ . . . [procedural rules should be *586 given a construction calculated to further justice, not to frustrate it.”
Accordingly, for the reasons aforesaid, the judgment and sentence are
Affirmed.
McNULTY, J., and GRIMES, J., concur.