LAWRENCE, J.
Joseph Holmes (Holmes) was convicted and sentenced to prison for burglary of a structure and grand theft. He raises two issues on direct appeal. The first issue relates to the trial court’s denial of Holmes’ motion to suppress certain evidence. The second issue relates to Holmes’ demand for a speedy trial pursuant to Florida Rule of Criminal Procedure 3.191. We find no error with respect to the first issue. We reverse on the second issue however, and remand for a new trial.
Holmes filed a demand for speedy trial several months after his arrest. Seven days later, a calendar call was held pursuant to rule 3.191(b), the pertinent provisions of which are as follows:
Speedy Trial Upon Demand. Except as otherwise provided by this rule and subject to the limitations imposed under subdivisions (e) and (g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving on the state attorney a pleading entitled “Demand for Speedy Trial.”
(1) No later than 5 days from the filing of a demand for speedy trial, the *93 court shall hold a calendar call, with notice to all parties, for the express purposes of announcing, in open court, receipt of the demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
On the morning of the calendar call, the trial court set the case for trial on the same day, beginning with jury selection in the afternoon, and commencement of opening statements and testimony the following morning. Holmes argues on appeal that the trial court erred in setting the case for trial less than five days from the date of the calendar call; that he was prejudiced by being unable to secure the attendance of material witnesses for the defense on such short notice; and that the issue was properly preserved. We agree.
The State argues that the issue is controlled by subsection (g) of rule 3.191, which provides in pertinent part as follows:
Demand for Speedy Trial; Accused Is Bound. A demand for speedy trial binds the accused and the state. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner that otherwise might be provided. A demand for speedy trial shall be deemed a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days.
The State contends that subsection (g) su-percedes subsection (b) and, because the trial commenced on the seventh day after Holmes’ demand for speedy trial, no error was committed. We disagree and hold that subsections (b) and (g) of rule 3.191 must be read in pari materia.
Florida’s speedy trial rule was adopted by the Supreme Court in 1971, In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla.1971). The original rule guaranteed every criminal defendant the right to be brought to trial upon demand within sixty days of filing the demand. It further provided that “demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial.” Id. at 35. Trial could be set without limitation at any time during the sixty-day period. Id. at 33-34.
The rule was amended in 1980 by adding the statement that “[tjrial may be scheduled at any time within the 60 day period except that trial may not be scheduled within 5 days of the filing of the demand without the consent of the defendant and the prosecuting attorney.” The Florida Bar. In re Rules of Criminal Procedure, 389 So.2d 610, 612 (Fla.1980). The rule was amended again in 1984, to provide:
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
The Florida Bar Re: Amendment to Rules — Criminal Procedure, 462 So.2d 386, 387 (Fla.1984).
Although the two subsections of the rule initially may appear to be in conflict, after considering the history of Florida’s speedy trial rule, it is clear that it was intended that a defendant who makes a demand for a speedy trial in a criminal case is entitled to have his case set for trial not less than five days following the calendar call. The trial court therefore erred in setting Holmes’ case for trial on the same day as the calendar call.
Accordingly, we reverse and remand for a new trial.
BOOTH and DAVIS, JJ., CONCUR.