564 So.2d 205 (1990)
Allen TASCARELLA and Barbara Ambs Tascarella, Petitioners,
v.
The Honorable Russell E. SEAY, Jr., Judge of the 17TH Judicial Circuit in and for Broward County, Florida, Respondent.
No. 90-1148.
District Court of Appeal of Florida, Fourth District.
July 5, 1990.
Rehearing Denied August 31, 1990.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for petitioner-Allen Tascarella.
Gene Reibman of Law Offices of Gene Reibman, Fort Lauderdale, for petitioner-Barbara Ambs Tascarella.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondent.

ON MOTION FOR REHEARING
STONE, Judge.
The state moves for a rehearing to review an order of this court granting a petition for a writ of prohibition and ordering the discharge of the petitioners based on a denial of their speedy trial rights. We deny the state's motion for rehearing.
The defendants were arrested on February 8, 1989. Subsequently, following an order in limine excluding certain state witnesses, the state moved to extend speedy trial. The trial court granted the extension ex parte on July 25, 1989. Defendants *206 moved to vacate the ex parte order and, on August 7, 1989, the state did not object to the entry of an order vacating the July 25th extension of speedy trial. The state did not seek, and no order was entered, extending speedy trial at that time. On August 21, 1989, two weeks after the speedy trial period expired, a motion for discharge was filed and a hearing was timely held pursuant to rule 3.191(i)(3), Florida Rules of Criminal Procedure. Subsequent to the filing of the motion for discharge, the state moved for and was granted an extension of time for exceptional circumstances.
Rule 3.191(f) authorizes extensions for exceptional circumstances as permitted by (d)(2) of the rule. Rule 3.191(d)(2) expressly provides in part:
The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured.
Clearly, the speedy time period in this case had expired by the time the court attempted to grant the extension. By failing to procure an extension of time prior to the expiration of the periods of time provided by rule 3.191, the state ran afoul of the clear proscription of subsection (d)(2), which provides that an extension may be procured for exceptional circumstances prior or to the expiration of the time period provided by the rule.
Accordingly, we are compelled to grant the petition for writ of prohibition and order that the petitioners be discharged.
DELL and GUNTHER, JJ., concur.