573 So.2d 196 (1991)
Michael VALLIERES, Petitioner,
v.
The Honorable Mel GROSSMAN, Circuit Judge, 17TH Judicial Circuit, in and for Broward County, Florida, and/or Other Circuit Court Judges of the 17TH Judicial Circuit, in and for Broward County, Florida, Respondents.
No. 90-3132.
District Court of Appeal of Florida, Fourth District.
January 23, 1991.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for respondents.
PER CURIAM.
Michael Vallieres petitioned this court for a writ of prohibition claiming that he had been denied his right to a speedy trial. Fla.R.Crim.P. 3.191(a)(1). We granted the petition on December 12, 1990, and ordered that the writ be issued for the reasons stated in this opinion.
The petitioner was arrested on April 7, 1990, and charged by information with attempted armed robbery and aggravated assault. The state sought and was granted a continuance of the trial on July 18, 1990, and trial was set for October 16, 1990. The 175th day from the time of arrest was September 29, 1990, a Saturday. The following Monday was October 1, 1990.
On October 12, 1990, the state moved for an extension of the speedy trial time period *197 on the grounds of "exceptional circumstances." On October 16, 1990, the court heard the state's motion and the petitioner filed and presented a motion for discharge, claiming that the petitioner had not been brought to trial within 175 days of his arrest. Over the petitioner's objection, the trial court granted the State's motion and denied the petitioner's motion for discharge.
On November 9, 1990, the petitioner filed a second motion for discharge which was heard by the court on November 19, 1990. The trial court denied the motion for discharge on the grounds that the State had obtained an extension of the speedy trial period. The petitioner then obtained a stay of all proceedings below, pending this court's review of his petition for writ of prohibition.
Prohibition is the appropriate remedy to prevent a trial court from proceeding against the accused after a motion for discharge for lack of speedy trial has been improperly denied. Sherrod v. Franza, 427 So.2d 161 (Fla. 1983). Florida Rule of Criminal Procedure 3.191(a)(1) provides that every person charged with a crime by indictment or information shall be brought to trial within 175 days if the crime charged is a felony. The 175-day time period commences when the person charged is taken into custody, in this case when he was arrested. Fla.R.Crim.P. 3.191(a)(4).
The period for speedy trial may be extended, upon motion by a party, in exceptional circumstances provided that the period of time sought to be extended has not expired at the time the extension is procured. Fla.R.Crim.P. 3.191(d)(2). In the present case the state's motion for extension of the speedy trial period was filed after 175 days from the petitioner's arrest had passed, thus it was untimely.
Following our previous decision in Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA 1990), we hold that an extension of speedy trial time cannot be obtained for "exceptional circumstances" after expiration of the 175 days afforded under Florida Rule of Criminal Procedure 3.191.
Accordingly, the petition for writ of prohibition in this case was granted and the trial court was ordered to discharge the petitioner.
HERSEY, C.J., and GUNTHER and POLEN, JJ., concur.