601 So.2d 283 (1992)
J.T., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1650.
District Court of Appeal of Florida, Third District.
June 9, 1992.
Rehearing Denied August 11, 1992.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Public Defender, for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
FERGUSON, Judge.
As restated, the issue is whether the court may extend the fifteen-day window period allowed by procedural rule for bringing a juvenile to an adjudicatory hearing on a showing of good cause, after the speedy trial period has expired and a motion for discharge has been filed. We hold that it may not.
On November 25, 1990, J.T. was taken into custody and charged with simple assault. An adjudicatory hearing was later scheduled for April 4, 1991  one week beyond the expiration date for bringing the juvenile to a hearing. On April 4th, the appellant filed a written motion for discharge alleging that the State had failed to bring him to a hearing within ninety days from the date he was taken into custody as mandated by Florida Rule of Juvenile Procedure *284 8.180.[1] In response, the State moved orally for an extension of the speedy trial period setting forth exceptional circumstances. This appeal is brought from the order of granting the extension. For the purpose of this discussion we agree that the reasons given would have justified an extension if the motion had been filed before the ninety-day period had expired.
Florida Rule of Juvenile Procedure 8.180 (1989) provided:
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within ninety (90) days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in section (j) below....
(j) Remedy for Failure to Try Respondent Within the Specified Time.
* * * * * *
(3) No later than five (5) days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d) exists, shall order that the respondent be brought to trial within ten (10) days. If the respondent is not brought to trial within the ten (10) day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
Section (d) of the rule describes certain acts of the respondent which constitute a waiver of the speedy trial rule, and enumerates circumstances where a dismissal would be otherwise inappropriate  none of which are applicable here.
Courts construing similar provisions in the adult speedy trial rule, Florida Rule of Criminal Procedure 3.191, hold uniformly that any order extending the speedy trial period due to exceptional circumstances must be issued before the speedy trial period has run and a motion for discharge is filed. State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977). More recently the fourth district has also ruled that an extension of the speedy trial time cannot be obtained for exceptional circumstances after expiration of the time afforded under the rule for bringing the defendant to trial. Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991); Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA), rev. denied, 569 So.2d 1280 (Fla. 1990).
The purpose of the window period in Rule 3.191 is to allow the State to remedy a clerical mistake by bringing the accused to trial; it was not intended to give the State an opportunity to revive its case after violating the rule. The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386, 388 (Fla. 1984). We agree with the appellant that the limited right given the State by rule 3.191(i)(3) to proceed to trial only within the window period under the adult speedy trial rule, is the same under its juvenile procedure counterpart, rule 8.180(j)(3).
Reversed and remanded for further consistent proceedings.
NOTES
[1] Rule 8.180 was renumbered as new rule 8.090 and amended May 9, 1991, effective July 1, 1991.