LAWRENCE, Judge.
Bobby Lee Brown (Brown) on direct appeal seeks review of his convictions and sentences, arguing that he is entitled to be forever discharged under Florida’s “speedy trial” rule. We affirm.
A jury found Brown guilty of attempted second-degree murder, armed kidnapping with a firearm, armed robbery with a firearm, and aggravated assault on a law enforcement officer. Brown committed these crimes on September 7, 1994, in Leon County, when he robbed a Burger King, shot one employee in the chest at point-blank range, and took another employee hostage for the duration of a high-speed chase, during which Brown repeatedly put a gun to the hostage’s head, and pointed a gun at a pursuing police officer. The trial judge, upwardly departing from the guidelines, sentenced Brown to life sentences for armed kidnapping with a firearm and armed robbery with a firearm, and to fifteen-year sentences for attempted second-degree murder and aggravated assault on a law enforcement officer. The judge imposed all sentences concurrently.
We are asked to address only one issue in this case — the application of Florida’s speedy trial rule, Florida Rule of Criminal Procedure 3.191, to the facts. Brown was taken into custody on November 30, 1994. On June 7,1995,[1] he filed a “Motion To Dismiss” based upon the failure to bring him to trial within 175 days. On June 13,1995,[2] the case was set for trial on June 19, 1995. On the same day, the prosecutor became acutely ill, requiring emergency surgery which incapacitated her for at least two weeks. Her illness was not an issue and defense counsel stipulated that it was legitimate. Brown’s only argument in the trial court was that the State had not been diligent in bringing the case to trial. On June 16, 1995, the trial judge granted the State’s motion for an extension of the time period for bringing Brown to trial, based upon a finding that the *1276 prosecutor’s illness constituted an exceptional circumstance under Rule 3.191©. Trial was reset for July 17, 1995, and in fact commenced on that date before another judge.
Rule 3.191 contains two time periods relevant to the instant ease: the basic 175-day period during which one charged with a felony must be tried, and a 5/10-day recapture window period[3] (recapture window) which is triggered when a defendant invokes the rule.
Brown and the State agree that an “exceptional circumstances” extension is available under the rule.[4] The narrow issue presented for our determination is whether the rule authorizes an extension of the speedy trial time when the extension is made during the recapture window (for a reason which constitutes an “exceptional circumstance” under 3.191©), or whether an “exceptional circumstances” extension is valid only when granted before expiration of the basic 175-day period. We conclude that the rule authorizes an “exceptional circumstances” extension in either time period. The instant trial judge therefore properly exercised her discretion in' granting an extension based on exceptional circumstances occurring during the recapture window.
We reach this conclusion based upon the plain language of the rule. Subdivision (i) provides in relevant part: “The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured.” No remedy is available to a defendant moreover until the court makes “the required inquiry under subdivision (j)”; subdivision (j) also refers to “periods” of time.[5] The extension sought and obtained in the instant case occurred during the recapture window; the recapture window furthermore had not expired when the extension was procured. There are several periods of time provided for in rule 3.191. The recapture window is one of the periods of time established by the rule. Fla. R.Crim. P. 3.191(p)(3). More importantly, however, the rule by its general language is inclusive of all periods of time provided in the rule and does not in any way limit exception *1277 al circumstances to the basic 175-day time period. The rule does not limit an extension of time to a single period.
Any interpretation other than that based on the plain language of the rule would reach an absurd result. In the instant case, according to Brown’s position, an emergency surgery arising in the basic 175-day period would be granted an exceptional-circumstance extension, but an emergency surgery arising during the recapture window would not qualify for an exceptional-circumstance extension. There is no logical reason to restrict emergencies to the basic 175-day period. Neither is there anything sacred about requiring a defendant to be brought to trial before expiration of the recapture period or its equivalent. Indeed, when an exceptional-circumstance extension is granted during the basic 175-day period, it is contemplated by the rule, which contains no arbitrary time limitation, that it may well extend beyond a time equivalent to the recapture period.
Florida adopted its first speedy trial court rule in 1971, In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla.1971), which contained a basic 180-day time period for bringing a defendant to trial, without a recapture window. The Florida Supreme Court amended the rule in 1984 to provide for the current 5/10 day recapture window. The purpose of the speedy trial rule is self-evident. It was never intended as strategy for dismissal and discharge. This court has said, with respect to the purpose of the rule:
Before the provision [5/10 day recapture window] was added to the rule in 1984, defendants with active cases were sometimes able to secure discharges because prosecutors overlooked speedy trial deadlines. In order to avoid the automatic discharge provision provided for in the pre-1984 rule, the current rule provides a reminder to the prosecutor that speedy trial is about to run. Therefore, the present rule continues to insure that a diligent defendant will be brought to trial within the periods provided in the rule, but it avoids the sometimes draconian remedy of automatic discharge following mere prose-cutorial oversight.
State v. Agee, 588 So.2d 600, 604 (Fla. 1st DCA 1991), approved, 622 So.2d 473 (Fla.1993). Any interpretation of the current language of the rule limiting an exceptional-circumstance extension to the basic 175-day period and excluding such an extension from the recapture window, serves only to exacerbate the draconian remedy described in Agee and to perpetuate the unintended strategy of dismissal and discharge.
We are mindful of the cases from our sister courts which appear to announce a blanket rule regarding exceptional-circumstances extensions, although on facts different from those in the instant case, or with no discussion of the facts. Vallieres v. Grossman, 573 So.2d 196, 197 (Fla. 4th DCA 1991) (holding that “an extension of speedy trial time cannot be obtained for ‘exceptional circumstances’ after expiration of the 175 days”); Heller v. State, 601 So.2d 642, 642 (Fla. 3d DCA 1992) (“The fifteen-day window period provided the State by rule 3.191(i)(3), Florida Rules of Criminal Procedure, to proceed with a trial of the defendant after the speedy trial period has expired and a motion for discharge has been filed, may not be extended for exceptional circumstances by a motion filed within the window period.”). We certify conflict with those cases and their progeny to the extent that they announce a blanket rule.
We also certify the following question to the supreme court as one of great public importance:
IS AN EXCEPTIONAL CIRCUMSTANCE EXTENSION UNDER RULE 3.191©[6] VALID, WHEN MADE AND OBTAINED DURING THE 5/10-DAY RECAPTURE WINDOW PROVIDED FOR IN RULE 3.191(p)(3), OR IS IT LIMITED ONLY TO AN EXTENSION MADE AND OBTAINED BEFORE EXPIRATION OF THE BASIC 175-DAY PERIOD PROVIDED IN RULE 3.191(a)?
We accordingly affirm Brown’s judgments apd sentences entered by the trial court.
*1278 MICKLE, J., concurs.
WEBSTER, J., dissents with opinion.

. It is unclear from the record whether the motion was filed on June 7, June 8, or June 9, 1995. The certificate of counsel reflects service on the State on June 7, 1995, but the Clerk’s filing data does not appear on the motion.

. The record does not contain the order setting the case for trial, but this allegation is contained in the State's "Motion For Short Hearing To Clarify Defendant Understands His Rights To Speedy Trial and Right To Discovery And Has Made An Informed Choice As To Those Rights.”

. Subdivision (p) provides:
Remedy for Failure to Try Defendant within the Specified Time.
(1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
(2) The defendant may, at any time after the expiration of the prescribed time period, file a notice of expiration of speedy trial time.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
(Emphasis added.)

. Subdivision (Z) provides:
Exceptional Circumstances. As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court. Such circumstances include:
(1)unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial.
(Emphasis added.)

.Subdivision (j) provides:
Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under (2), (3), or (4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
(Emphasis added.)

. Florida Rules of Criminal Procedure 1996.