715 So.2d 241 (1998)
Bobby Lee BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 90891.
Supreme Court of Florida.
May 14, 1998.
Steven Seliger of Garcia & Seliger, Quincy, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review Brown v. State, 695 So.2d 1275 (Fla. 1st DCA 1997), in which the district court certified conflict with Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991), and Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992). In addition, the district court certified the following question to be one of great public importance:
IS AN EXCEPTIONAL CIRCUMSTANCE EXTENSION UNDER [FLORIDA RULE OF CRIMINAL PROCEDURE 3.191(l) ] VALID, WHEN MADE AND OBTAINED DURING THE 5/10-DAY RECAPTURE WINDOW PROVIDED FOR IN RULE 3.191(p)(3), OR IS IT LIMITED ONLY TO AN EXTENSION MADE AND OBTAINED BEFORE EXPIRATION OF THE BASIC 175-DAY PERIOD PROVIDED IN RULE 3.191(a)?
Brown, 695 So.2d at 1277 (footnote omitted). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and answer the certified question by concluding that an exceptional circumstance extension made during the 5/10-day recapture window is valid. We base our conclusion on the plain language of Florida Rule of Criminal Procedure 3.191(i).
Brown was arrested on November 30, 1994, and charged with several felonies stemming from an armed robbery. On June 7, 1995, 189 days after being arrested, Brown *242 filed a motion to dismiss the charges against him based on the State's failure to bring him to trial within the 175-day speedy trial period. The trial court held a hearing on the motion on June 13, and set the trial for June 19. However, on June 16, the State moved for an extension based upon an exceptional circumstance pursuant to rules 3.191(i)[1] and 3.191(l)[2] because the lead prosecutor underwent emergency surgery which would incapacitate her for at least two weeks. The judge granted the extension and set the trial for July 17, 1995, a date outside the recapture window.[3] Brown was eventually tried and convicted on all charges.
On appeal, Brown argued that his convictions should be vacated and that he should be "forever discharged" from these charges because the State violated his right to a speedy trial by not bringing him to trial within the 175-day speedy trial period or within the 5/10-day recapture window. The district court framed the issue as "whether the rule authorizes an extension of the speedy trial time when the extension is made during the recapture window (for a reason which constitutes an `exceptional circumstance' under 3.191(l)), or whether an `exceptional circumstances' extension is valid only when granted before expiration of the basic 175-day period." The district court affirmed the convictions, holding that the plain language of rule 3.191 authorizes an exceptional circumstance extension if the exceptional circumstance arises and is the basis for a motion for extension during either the 175-day speedy trial period or the 5/10-day recapture window. Brown v. State, 695 So.2d 1275, 1276 (Fla. 1st DCA 1997). The district court reasoned:
Subdivision (i) provides in relevant part: "The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured." No remedy is available to a defendant moreover until the court makes "the required inquiry under subdivision (j)"; subdivision (j) also refers to "periods" of time. The extension sought and obtained in the instant case occurred during the recapture window; the recapture window furthermore had not expired when the extension was procured. There are several periods of time provided for in rule 3.191. The recapture window is one of the periods of time established by the rule. Fla. R.Crim. P. 3.191(p)(3). More importantly, however, the rule by its general language is inclusive of all periods of time provided in the rule and does not in any way limit exceptional circumstances to the basic 175-day time period. The rule does not limit an extension of time to a single period. *243 Brown, 695 So.2d at 1276-77 (footnote omitted).
The district court reasoned that Brown's interpretation of the rule could require an absurd result because the State would be entitled to an exceptional circumstance extension during the 175-day speedy trial period but not during the 5/10-day recapture window even for the same exceptional circumstance. Thereupon the First District certified conflict with Vallieres and Heller to the extent that those cases announced a blanket rule that a motion for exceptional circumstance extension can only be granted if filed during the 175-day speedy trial period. The First District also certified the aforementioned question.
Judge Webster dissented. He disagreed with the majority decision that the plain reading of the rule compelled its conclusion. Instead, Judge Webster reasoned that "periods of time," as provided in rule 3.191(i), is a "relatively clear" reference to the speedy trial periods set out in subdivisions (a) and (b). Based upon this reasoning, Judge Webster construed "periods of time" not to include the 5/10-day recapture window set out in subdivision (p)(3), and pointed out that every other court which had addressed the issue had so held.[4] Judge Webster added that this was not a case in which the State had proceeded diligently toward trial and merely overlooked the speedy trial deadline. Rather, this was precisely the type of case for which the speedy trial rule was designed.
We agree with the majority below that the plain language of rule 3.191(i) allows an extension of the 5/10-day recapture window if that window has not closed and that we must give effect to the rule as written. Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules. Syndicate Properties v. Hotel Floridian Co., 94 Fla. 899, 903, 114 So. 441, 443 (1927); Merchants' Nat'l Bank v. Grunthal, 39 Fla. 388, 394, 22 So. 685, 687 (1897). Thus, when the language to be construed is unambiguous, it must be accorded its plain and ordinary meaning. Thayer v. State, 335 So.2d 815 (Fla.1976); McDonald v. Roland, 65 So.2d 12 (Fla.1953); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931); Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918).
Rule 3.191(i) provides that, under certain circumstances, "[t]he periods of time established by this rule may be extended provided the period sought to be extended has not expired at the time the extension was procured." Contrary to Judge Webster's conclusion, we do not find any limitation in this language so that it applies only to subdivisions (a) and (b) under this rule. Rather, as plainly written, "this rule" contains three time periods: subdivision (a) provides a speedy trial period for those cases in which speedy trial is not demanded; subdivision (b) provides a speedy trial period for those cases in which a speedy trial is demanded; and subdivision (p)(3) provides a grace period for the State in those cases which eclipse the times set out in subdivisions (a) and (b). We will not write a limitation into subdivision (i) and apply it to this case.
In sum, we hold that, under rule 3.191(i), the State may move for an extension of any of the aforementioned time periods so long as the time period sought to be extended has not expired at the time the extension is requested. In this case, we find that because the 10-day recapture period had not expired, the extension was valid.
Accordingly, having answered the certified question, we approve the decision below and disapprove Tascarella, Vallieres, J.T., and Heller to the extent they conflict with this opinion. We decline to review the other issue raised by Brown.
It is so ordered.
OVERTON and HARDING, JJ., and GRIMES, Senior Justice, concur.
WELLS, J., concurs with an opinion.
*244 SHAW, J., dissents with an opinion, in which KOGAN, C.J. and ANSTEAD, J., concur.
WELLS, Justice, concurring.
I concur with the decision and reasoning of the majority in this case.
I write to express my continuing concern about this rule and its implementation through the decisions of this Court. See Reed v. State, 649 So.2d 227 (Fla.1995); Dorian v. State, 642 So.2d 1359 (Fla.1994); and Genden v. Fuller, 648 So.2d 1183 (Fla.1994). In each of the cases cited, I dissented as to what I viewed as this Court's interpretation and application of the speedy trial rule in a way that impedes rather than facilitates adjudication of cases on their merits.
Once again, I call attention to the fact that the problem with rule 3.191 is that the State's violation of the rule results in the defendant being forever discharged of all possible charges arising out of the criminal episode. Reed. This effectively reduces the statute of limitations for a crime once the defendant is taken into custody on any criminal charge arising out of the criminal episode. As Justice Overton pointed out in his dissent in Reed, this Court's interpretation of our speedy trial rule has made it a substantive provision. Therefore, the rule as interpreted by this Court provides a right, not a rule of procedure, and for this reason, it is an unconstitutional invasion of legislative authority. See art. II, § 3, Fla. Const.
Under the Speedy Trial Act of 1974(Act),[5] a speedy trial violation in federal court does not necessarily result in the defendant being forever discharged. Once a violation is shown under the Act, the judge retains the discretion to dismiss the case with or without prejudice based on at least three factors: the severity of the crime, the facts and circumstances of the speedy trial violation, and the impact of reprosecution on the Act and on the administration of justice.[6]See United States v. Taylor, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). This retention of discretion balances the interests of defendants to be brought to trial without undue delay and the public's interest in having cases adjudicated on their merits.
The public interest requires adoption of the federal approach.
SHAW, Justice, dissenting.
The Court today holds that the "Exceptional Circumstances" provision of the speedy trial rule applies to not just the initial speedy trial period but the recapture period as well. The Courtas did the district court belowbases its holding on rules of statutory construction. Majority op. at 243. I disagree. This Courtunlike the district court belowneed not resort to rules of construction to discern its own intent in promulgating a rule of procedureit is free to articulate its intent. See generally D.K.D. v. State, 470 So.2d 1387, 1389 (Fla.1985).
When adopted in 1971,[7] the speedy trial rule contained both a subdivision (d)(2),[8] entitled "When Time May be Extended," and a subdivision (f),[9] entitled "Exceptional Circumstances." Under these provisions, the standard speedy trial period could be extended *245 for exceptional circumstances provided the period had not already run.[10] There was no question of applying the "Exceptional Circumstances" provision to a recapture windowthere was no window in the original rule. The modern version of the rule contains the identical "When Time May Be Extended" and "Exceptional Circumstances" provisions, now denoted as subdivisions (i)[11] and (l),[12] and these provisions continue to function in the same fashion,[13] i.e., the "Exceptional Circumstances" provision applies to the primary speedy trial period, not to the recapture window that was added in 1984 with a limited purpose in mind.[14]
Professor Yetter explains how the timing of the recapture amendment "argue[s] strongly against" applying the "Exceptional Circumstances" provision to the recapture window:
The problem is that the extension provisions were placed in the rule when there was no window; the assumption was that the prosecution would recognize the need for an extension before the speedy trial time expired. Extensions could not be used to excuse a failure to comply with the time limits after they had expired.... Thus, the rule contemplated a prosecutor who was vigilantly observing the speedy trial constraints but encountered unforeseen circumstances which in the interests of "substantial justice" required the extension to the time limits.
Therefore, both the original rationale for the "exceptional circumstance" provision and the reality that applying it to the window would render that concept more or less meaningless argue strongly against the provision's applicability.
John F. Yetter, Florida's New Speedy Trial Rule: The "Window of Recapture", 13 Fla. St. U.L.Rev. 9, 20 (1985) (footnote and emphasis omitted).
As pointed out by the district court in State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), the recapture window, subdivision (p),[15] was added to the rule for one reason: to soften the draconian results of automatic discharge.
Before the [recapture window] was added to the rule in 1984, defendants with active cases were sometimes able to secure discharges because prosecutors overlooked speedy trial deadlines. In order to avoid the automatic discharge provided for in the pre-1984 rule, the current rule provides a reminder to the prosecutor that speedy trial is about to run. Therefore, the present rule continues to insure that a diligent defendant will be brought to trial within the periods provided in the rule, but it avoids the sometimes draconian remedy of automatic discharge following mere prosecutorial oversight.
Agee, 588 So.2d at 604 (emphasis omitted).
Judge Webster in the present case explains why the "Exceptional Circumstances" *246 provision should not apply to the recapture window:
It seems to me relatively clear that the 15-day recapture window afforded by what is now rule 3.191(p)(3) was intended to provide the state with a grace period of last resort to save its case from dismissal for failure to comply with the time periods mandated by the speedy trial rule. A prosecutor who must rely on the 15-day recapture window does so at his or her peril if the trial cannot be scheduled within that window through no fault of the defendant. To permit the state to extend the speedy trial period after it has run, during the recapture window, would be inconsistent with the limited nature of the relief intended by that provision. A strict interpretation of the provision reinforces the state's obligation under the rule to bring the defendant to trial within the speedy trial period, or to file a motion seeking an extension of that period before it has run.
Brown v. State, 695 So.2d 1275, 1281 (Fla. 1st DCA 1997) (Webster, J., dissenting). I agree with both Judge Webster and Professor Yetter.
With subdivision (l) applying to the recapture window, as the present majority opinion holds, exceptional circumstances can now be cited to further delay a trial after the full speedy trial period has runi.e., the provision can be used by the State to delay an already dilatory trial.[16] While the original speedy trial rule proved lacking because it contained no recapture window, the version crafted by the Court today goes too far in the other direction and creates "a window within the window"a "last-ditch, last-ditch" measurethat can be used by resourceful counsel to obtain extended delays.
The majority's holding flies in the face of the original purpose of the speedy trial rule, which was to safeguard the defendant's fundamental right to a speedy trial and to streamlinenot delaythe criminal justice system:
The purpose of the speedy trial rule is to implement the practice and procedure by which the defendant may seek to be guaranteed his fundamental right to a speedy trial. The rule was promulgated and its specific time limits established with a view toward expediting the administration of criminal justice.
Singletary v. State, 322 So.2d 551, 553-54 (Fla.1975).[17] Other district courts that have considered this issue have ruled contrary to the majority opinion.[18]
Because the majority opinion stacks one delay upon another in an already overburdened *247 criminal justice system, I respectfully dissent.
KOGAN, C.J., and ANSTEAD, J., concur.
NOTES
[1] Rule 3.191(i) provides in relevant part:

(i) When Time May Be Extended. The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:
....
(2) by written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances as hereafter defined in subdivision (f)....
[2] Rule 3.191(l) provides in relevant part:

(l) Exceptional Circumstances. As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court. Such circumstances include:
(1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial....
[3] Rule 3.191(p)(3) provides:

(p) Remedy for Failure to Try Defendant within the Specified Time.
....
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
[4] See Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992); J.T. v. State, 601 So.2d 283 (Fla. 3d DCA 1992); Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991); Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA 1990).
[5] Speedy Trial Act of 1974, Pub.L. No. 93-619, 88 Stat.2076, codified at 18 U.S.C. §§ 3161-74 (1994).
[6] 18 U.S.C. § 3162(a)(2) provides in relevant part:

If a defendant is not brought to trial within the time limit required ... the information or indictment shall be dismissed on motion of the defendant.... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.
[7] See In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla.1971).
[8] See Fla. R.Crim. P. 1.191(d)(2) (1971) ("The periods of time established by this Rule for trial may at any time be waived or extended by order of the court ... provided the period of time sought to be extended has not expired.").
[9] See Fla. R.Crim. P. 1.191(f) (1971) ("As permitted by [subdivision (d)(2) of] this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist.").
[10] Under the original provisions, an extension for certain exceptional circumstances set forth in subdivision (f) could be granted "[a]s permitted by [subdivision (d)(2) of] this Rule." Subdivision (d)(2) of the rule stated that "[t]he periods of time established by this Rule" may be extended by court order provided the period had not yet expired. The phrase "periods of time" in subdivision (d)(2) obviously referred to the main time periods in the rulei.e., the standard 90, 180, and 60-day speedy trial periods.
[11] See Fla. R.Crim. P. 3.191(i), entitled "When Time May Be Extended" ("The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired.").
[12] See Fla. R.Crim. P. 3.191(l), entitled "Exceptional Circumstances" ("As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist.").
[13] Under the modern version, an extension for certain exceptional circumstances set forth in subdivision (l) can be granted "[a]s permitted by subdivision (i) of this Rule." Subdivision (i) states that "[t]he periods of time established by this rule" may be extended provided the period has not yet expired.
[14] The phrase "periods of time" in subdivision (i) still refers to the standard 90, 175, and 60-day speedy trial periods, just as it did in the original rule.
[15] See Fla. R.Crim. P. 3.191(p)(3) ("No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing and ... order that the defendant be brought to trial within 10 days.").
[16] Subdivision (l) defines exceptional circumstances and provides in relevant part:

(l) Exceptional Circumstances.... Exceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court. Such circumstances include:
(1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(2) a showing by the state that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(3) a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that will materially affect the trial;
(5) a showing that a delay is necessary to accommodate a codefendant, when there is reason not to sever the cases in order to proceed promptly with trial of the defendant; and
(6) a showing by the state that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
Fla. R.Crim. P. 3.191(l).
[17] See also Lewis v. State, 357 So.2d 725, 727 (Fla. 1978) ("Our speedy trial rule was promulgated in order to promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable....").
[18] See Heller v. State, 601 So.2d 642 (Fla. 3d DCA 1992); Vallieres v. Grossman, 573 So.2d 196 (Fla. 4th DCA 1991); Tascarella v. Seay, 564 So.2d 205 (Fla. 4th DCA 1990). Cf. J.T. v. State, 601 So.2d 283 (Fla. 3d DCA 1992) (same rule for juvenile proceedings).