PER CURIAM.
 

 William T. Self petitioned this Court for a writ of prohibition to prevent his criminal prosecution in Orange County Circuit Court based on a violation of the speedy trial rule. We granted the petition on October 13, 2010, and ordered the court to discharge Self in case no. 2010-CF-000532-0, with this opinion to follow.
 

 Self was arrested on January 13, 2010, for failure to register as a sex offender. On May 26, 2010, the State filed a notice of its intent to rely on business records at trial. A month later, Self filed an objection to the use of those records, relying on
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), which held that testimonial hearsay is inadmissible at trial unless the declarant is unavailable and the defendant had a prior meaningful opportunity to cross-examine the declarant. The case was called up for pretrial conference and trial was scheduled during the week of July 19, 2010, but no mention was made at that time of Selfs
 
 Crawford
 
 objection.
 

 On July 20, 2010, when the case was called for trial, the State informed the trial court of Selfs
 
 Cravxford
 
 objection to the use of the business records. The State advised the court that it had not subpoenaed the record custodians and needed more time to do so. After a lengthy discussion concerning the admissibility of the business records, the State requested a pre-trial hearing on that issue. The court continued the trial, charging the continuance to Self based on his continued
 
 Crawford,
 
 objection to the use of the business records.
 

 Two days later, on July 22, 2010, Self filed a notice of expiration of speedy trial.
 
 [1]
 
 The State scheduled a hearing on Selfs business records objection, presumably to allow the trial to commence before August 5, 2010, the last day of the recapture period. While a hearing was held as scheduled on August 5, 2010, it was held before a substitute judge. At that hearing, the State indicated that it was prepared to start the trial that same day due to the recapture deadline, but asked the court to first address the issue regarding the admissibility of the business records. The substitute judge declined to rule on any issue. No further arguments were made and no ruling issued from that hearing. The State did not request an extension of the speedy trial period (and likely would not have been entitled to one) and there was no indication that any further action was taken with regard to the matter until August 9, 2010, when Self filed a motion for discharge. On August 11, 2010, the trial judge denied that motion, again determining that Self had waived speedy trial based on the earlier continuance that was attributed to him. The court also denied Selfs
 
 Crawford
 
 objection to use of the business records and set the trial for the two-week period beginning on November 1, 2010.
 

 Self then petitioned this Court for a writ of prohibition on speedy trial grounds, claiming that he did not waive speedy trial;
 
 *679
 
 that the continuance was improperly charged to him; and that the State had failed to bring him to trial within 175 days from the date of arrest, or within the 15-day recapture period. In its response, the State asserted that Self waived speedy trial by filing an objection to the use of business records, which required a pretrial hearing.
 

 Prohibition is an appropriate remedy where there has been an improper denial of the right to speedy trial. Fla.R.App. P. 9.100(a);
 
 Lowe v. Price,
 
 437 So.2d 142, 143 (Fla.1983). To determine whether Self was entitled to relief, this Court is required to determine whether the trial court properly attributed the continuance of the trial to Self, thereby waiving speedy trial. If the continuance was not properly attributed to Self, then this Court must determine whether the State’s attempt to commence trial before the end of the recapture period was sufficient to defeat Selfs right to discharge.
 

 We agree with Self that the trial court improperly determined that he waived speedy trial solely by objecting to the admissibility of the business record evidence. The trial court continued the trial based on the fact that the State was not prepared for a hearing on Selfs
 
 Crawford
 
 objection to the business records. Self raised this objection well before the scheduled trial, and, at that point, it was the State’s burden, as the proponent of the evidence, to prove its admissibility.
 
 See State v. Caulfield,
 
 722 N.W.2d 304, 308 (Minn.2006);
 
 De La Paz v. State,
 
 273 S.W.3d 671, 680 (Tex.Crim.App.2008).
 
 See also Barber v. Page,
 
 390 U.S. 719, 724-25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). We find that the State did not meet its burden, having waited more than 175 days after Selfs arrest to acknowledge that an objection was lodged, and then requested a continuance when it was unprepared to prove admissibility. As such, the continuance was actually attributable to the State, not the defense, and speedy trial was not waived at that time.
 

 In the alternative, the State argues that even if this Court determined that Self did not waive speedy trial, its “attempt” to schedule the trial before the recapture deadline supported the court’s denial of the discharge. Florida Rule of Criminal Procedure 3.191(i)(2) provides:
 

 (1) When Time May be Extended. The periods of time established by this rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured by:
 

 [[Image here]]
 

 (2) written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined in the subdivision (l)[.]
 

 Critical to its position, the State did not allege, nor did it point to any evidence to demonstrate, that it sought an extension during the recapture period or that exceptional circumstances existed to warrant an extension beyond the recapture period to further delay an already dilatory trial.
 
 [2]
 

 See Brown v. State,
 
 715 So.2d 241 (Fla.1998). Because we conclude that Self did
 
 *680
 
 not waive his right to a speedy trial, he is entitled to discharge.
 

 PETITION GRANTED.
 

 MONACO, C.J., ORFINGER and SAWAYA, JJ., concur.
 

 [1]
 

 . The last day of the speedy trial period was July 7, 2010.
 

 [2]
 

 . Under rule 3.191(1), the court may order an extension of the speedy trial time period when exceptional circumstances are shown, which generally do not include congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Instead, “[ejxceptional circumstances are those that as a matter of substantial justice to the accused or the state or both require an order by the court.” Fla. R.Crim. P. 3.191(1).