# Third District Court of Appeal
## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0939
Lower Tribunal No. F24-7202
_____

**Christopher George Richard,**
Petitioner,

vs.

**James Reyes, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent The State of Florida.

Before SCALES, MILLER and GORDO, JJ.

GORDO, J.

Christopher George Richard ("Richard") petitions this Court for a writ of habeas corpus following the trial court's denial of his request to be released on his own recognizance pursuant to Florida Rule of Criminal Procedure 3.134. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3). We grant the petition.

Richard was arrested on April 4, 2024 and charged by arrest form with several traffic infractions, aggravated fleeing or attempted eluding of a police officer after an accident, attempted armed burglary, attempted tampering with physical evidence, resisting an officer without violence, open carrying of a weapon, improper exhibition of a firearm, possession of marijuana less than twenty grams and leaving the scene of an accident with property damage. He was granted pretrial release with house arrest and electronic monitoring. On May 21, 2024, Richard was removed from house arrest and taken into custody for violating his house arrest conditions. On May 23, 2024, forty-nine days following the initial arrest, Richard moved to be released on his own recognizance arguing that because no formal charges had been filed, he was entitled to be released. It is undisputed from the record that he was in jail and in custody at the time he sought release. The trial court denied Richard's request for release. Richard filed the instant petition for writ of habeas corpus.

We start our analysis with the plain language of rule 3.134. See Brown v. State, 715 So. 2d 241, 243 (Fla. 1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules. Thus, when the language to be construed is unambiguous, it must be accorded its plain and ordinary meaning.") (citations omitted); Alachua Cnty. v. Watson, 333 So. 3d 162, 169 (Fla. 2022) ("The 'plain meaning of the statute is always the starting point in statutory interpretation.'" (quoting GTC, Inc. v. Edgar, 967 So. 2d 781, 785 (Fla. 2007))). Florida Rule of Criminal Procedure 3.134 provides:

> The State shall file formal charges on defendants in custody . . . within 30 days from the date on which defendants are arrested . . . . If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:
>
> (1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
>
> (2) If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.
>
> **In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.**

Fla. R. Crim. P. 3.134 (emphasis added).

The plain language of rule 3.134 requires that an in-custody defendant be released on his own recognizance on the fortieth day unless the State has formally charged him with a crime.[1]  Because Richard was no longer on house arrest and was in custody at the time he moved for release and the State failed to file formal charges, we grant the petition and order that Richard be immediately released on his own recognizance as required by rule 3.134.

Petition granted and order quashed.

---

[1] But see Branch v. Junior, 281 So. 3d 1280 (Fla. 3d DCA 2019) (holding that the petitioner was not "in custody" for purposes of rule 3.134 where the petitioner was on house arrest).