# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3918
Lower Tribunal No. 2023-CJ-000135-AXXX-XX

_____

K.D.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Erik Leontiev, Judge.

December 20, 2024

NARDELLA, J.

K.D., a juvenile, appeals his withheld adjudication of delinquency for possession of child pornography. He raises three issues on appeal, only one of which will be discussed because we find it meritorious and dispositive of the appeal. K.D. rightly contends that the trial court erred by failing to conduct a *Richardson*[1] hearing after his counsel raised a discovery violation. Finding that a violation occurred, and

---

[1] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).

unable to conclude beyond a reasonable doubt that the violation did not procedurally prejudice K.D., we reverse and remand for a new adjudicatory hearing.

At the center of this appeal is Florida Rule of Juvenile Procedure 8.060, which, like its counterpart in the Florida Rules of Criminal Procedure,[2] requires the State to timely disclose certain information and evidence collected by the police and prosecution. Fla. R. Juv. P. 8.060(a)(2). This includes tangible papers or objects the State intends to use in the adjudicatory hearing. Fla. R. Juv. P. 8.060(a)(2)(K). As to those items, the State must disclose same if they "were not obtained from or belonged to the child." *Id*. Undisputedly, the State's second exhibit—a USB drive containing a log purporting to show that K.D. possessed child pornography— qualified. The question this appeal confronts is not whether the evidence offered had to be disclosed under rule 8.060, but whether the State's purported disclosure of

---

[2] The parties' arguments on appeal suggest that the issue presented is governed by Florida Rule of Criminal Procedure 3.220. That rule, however, applies to adult criminal proceedings, which this is not. Discovery in this juvenile proceeding is governed by Florida Rule of Juvenile Procedure 8.060. That rule contains many of the same provisions as rule 3.220. *See T.M. v. State*, 385 So. 3d 215, 217 n.3 (Fla. 2d DCA 2024) (noting the similarity between rules 8.060 and 3.220). In particular, the State's disclosure obligations under rule 8.060 are nearly identical to those in 3.220. This includes the requirement to disclose "tangible papers or objects" the State intends to use in the adjudicatory hearing and were not obtained from or belonged to the child or defendant. *Compare* Fla. R. Juv. P. 8.060(a)(2)(K) *with* Fla. R. Crim. P. 3.220(b)(1)(K). The only difference between the rules with respect to this disclosure requirement is the time in which the State must disclose such information. Fla. R. Juv. P. 8.060(a)(2) (requiring disclosure within five days of service of defendant's notice of discovery); Fla. R. Crim. P. 3.220(b)(1) (requiring disclosure within fifteen days of service of defendant's notice of discovery).

the evidence in question sufficed. And if it did not, whether we can say beyond a reasonable doubt that the violation did not procedurally prejudice K.D.

## I. Investigation and Trial

In 2022, Kik, a social media platform, sent the National Center of Missing and Exploited Children ("NCMEC") a cyber tip that one of its subscribers shared child pornography on its site. NCMEC forwarded the cyber tip to the Collier County Sheriff's Office ("CCSO"), who subpoenaed Comcast for account information associated with the IP address contained in the tip. Based on the return from Comcast, the CCSO connected the IP address with a residence in Marco Island, Florida and then transferred the investigation to the Marco Island Police Department ("MIPD").

Upon receipt, the new investigating officer obtained and sent a search warrant to Kik for information associated with the IP address. Kik responded to the search warrant, with, among other things, a log showing that someone at the IP address with the username "cgriggs420_fn7" shared the video files containing the subject child pornography.

Then, with the information from Comcast connecting the IP address with a particular residence, the investigating officer obtained and executed another search warrant, this one on K.D.'s home. By that time, however, no evidence related to the crime could be found on any of K.D.'s devices. But, in an interview with law

3

enforcement, K.D. admitted that he used Kik in 2022 under the user ID "cgriggs420_fn7" and that he downloaded the video files containing the child pornography in question.

After the incriminating interview, the State charged K.D. with possession of child pornography. To prepare for his defense, K.D. filed a notice to participate in discovery, prompting the State to file its first notice of discovery. It is the sufficiency of that notice which is at issue in this appeal.

In its entirety, the notice disclosed the following:

> 5 Witnesses, D: CR - Booking Sheet; D: Photos of Residence at SW (189 photos); D: Reports (CCSO/MIPD/Comcast/SW/Initial tip), Audio 1 (interview dad/mom/suspect/warrant)

Although it was in the State's possession, the State's first notice of discovery contained no reference to Kik or evidence obtained from the search warrant served on Kik, including the log showing that someone using the ID "cgriggs420_fn7" uploaded the subject video files.

Despite this failure, the trial court allowed the State, over K.D.'s objection, to offer into evidence the USB drive containing the returns from Kik, which included the incriminating log. The trial court accepted the State's argument that there was no discovery violation because its initial disclosure identified an MIPD police report and that report contained a reference to data received from Kik being placed on a

4

USB drive and deposited into evidence at MIPD.[3]  The State argued that by listing

the MIPD police report, which referenced the Kik returns and their location, the State

satisfied its discovery obligations.  Accepting the State's argument, the trial court

found no discovery violation and proceeded without conducting a *Richardson*

hearing.  On appeal, K.D. argues that this was error, and we agree.

## II.    Discovery Violation

Florida Rule of Juvenile Procedure 8.060(a)(2)(K) provides that if a child

elects to utilize the discovery process, the State shall serve a written discovery

exhibit which shall disclose to the child "[a]ny tangible papers or objects which the

petitioner intends to use in the hearing and which were not obtained from or

belonged to the child."  The State argues that disclosing a police report satisfied its

obligation to disclose the product of a search warrant mentioned in passing in the

report, which included evidence linking K.D.'s username to the child pornography

at issue.  This argument stretches rule 8.060(a)(2)(K) beyond its plain meaning and

would allow the State to obscure the very evidence it intended to use against K.D.

*See Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) ("The 'plain meaning

of the statute is always the starting point in statutory interpretation.'" (quoting *GTC,*

*Inc. v. Edgar*, 967 So. 2d 781, 785 (Fla. 2007))); *Brown v. State*, 715 So. 2d 241,

---

[3] The record does not contain a report from the MIPD mentioning the USB drive.  However, in the transcript the State appears to read directly from a portion of the police report not in the record.

243 (Fla. 1998) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.").  The State fell far short of its obligation under the rule to disclose specific tangible papers or objects it intended to use.  *See Scipio v. State*, 928 So. 2d 1138, 1144 (Fla. 2006); *Ferrari v. State*, 260 So. 3d 295, 311 (Fla. 4th DCA 2018).  Because the State did not follow the clear requirements of the rule, K.D. was correct that there was a discovery violation, and the trial court erred in ruling otherwise.

### III.    *Richardson* Hearing

As our Court explained in *Young v. State*, 369 So. 3d 1243 (Fla. 6th DCA 2023), anytime a trial court is alerted during a criminal trial to a possible discovery violation by the State, the trial court is required to conduct a *Richardson* hearing to assess the State's violation and any resulting prejudice.  *Id*. at 1248.  This rule of law applies equally to juvenile delinquency proceedings.  *T.M. v. State*, 385 So. 3d 215, 218 (Fla. 2d DCA 2024).

"In conducting a *Richardson* hearing, the trial court must determine: (1) whether the state's violation was inadvertent or willful; (2) whether the violation was trivial or substantial; and (3) what effect, if any, did the violation have upon the ability of the defendant to properly prepare for trial."  *Young*, 369 So. 3d at 1249.

Where, as here, a *Richardson* hearing should have been held but was not, the reviewing court must apply a special harmless error test, which focuses not on

6

whether the discovery violation affected the verdict, but whether it prejudiced the defense's ability to prepare for trial. *Id*. at 1250. Specifically, the Florida Supreme Court explained:

> [T]he appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful.

*State v. Schopp*, 653 So. 2d 1016, 1020–21 (Fla. 1995). Only if we can say "beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless," and we cannot say that in this case. *Id*. at 1021.

K.D.'s counsel argued against the application of the business record exception to the hearsay rule as a basis to admit the undisclosed evidence. With notice and time, counsel perhaps could have, among other things, developed evidence to challenge the veracity of the statements in the business record certification or the reliability of the log. By failing to disclose the actual evidence it intended to offer, the State foreclosed these avenues. Thus, this Court is unable to conclude beyond a reasonable doubt that K.D. was not procedurally prejudiced by the State's failure to

7

properly disclose the evidence received from Kik. And where we cannot say that the error was harmless,[4] we must reverse and remand for a new adjudicatory hearing.

REVERSED and REMANDED.

TRAVER, C.J., and BROWNLEE, J., concur.

Keith W. Upson, of The Upson Law Group, P.L., Naples, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Tayna Alexander, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED

---

[4] While outside the scope of the harmless error analysis discussed above, we note that K.D.'s confession does not impact our decision because the Kik returns provided the only corpus delicti of the charged offenses. *Franqui v. State*, 699 So. 2d 1313, 1317 (Fla. 1997) ("The phrase 'corpus delicti' means 'body of the crime,' . . . , and refers generally to the proof that a crime has been committed." (quoting Black's Law Dictionary 344 (6th ed.1990)). Thus, K.D.'s confession can only be considered if the records from Kik were properly admitted into evidence. *Id.* ("Florida law requires that the corpus delicti be established independently of any confession before the confession is admitted into evidence.").

8